JA35wooC                    conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DONALD FITZHERBERT, et al.,

                Plaintiffs,              New York, N.Y.

            v.                           19 Civ. 5500 (ra)

KINGSTONE COMPANIES, INC., *et al.*,

                Defendants.

------------------------------x

                                         October 3, 2019
                                         11:10 a.m.

Before:

                    HON. RONNIE ABRAMS,

                                         District Judge

                            APPEARANCES

BRAGAR, EAGEL & SQUIRE, P.C.
      Attorneys for Plaintiffs
BY:  W. SCOTT HOLLEMAN

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
      Attorneys for Defendants
BY:  SCOTT D. MUSOFF
BY:   CHLOE BOOTSTAYLOR

                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

JA35wooC                          conference

(Case called)

THE DEPUTY CLERK:  Counsel, please state your name for the record.

MR. HOLLEMAN:  Scott Holleman of Bragar, Eagel & Squire on behalf of the movant Donald Fitzherbert.

THE COURT:  Good morning.

MR. HOLLEMAN:  Good morning.

MR. MUSOFF:  Good morning, your Honor.  Scott Musoff from Skadden Arps for the defendants.

MS. BOOTSTAYLOR:  Good morning, your Honor.  Chloe Bootstaylor, Skadden Arps, for the defendant.

THE COURT:  Good morning to both of you.

So, we are here to discuss a motion for lead plaintiff and approval of selection of lead counsel in this case.  Does anyone want to be heard?  I know it is undisputed, so.

MR. HOLLEMAN:  I think, your Honor, with respect to the lead plaintiff aspect it is undisputed so I don't think anybody had as need to waste your Honor's time with that.

THE COURT:  Okay.

MR. HOLLEMAN:  I don't know if you wanted me to speak to the order that defendants submitted that plaintiff's submitted response to.

THE COURT:  Why don't we walk through, why don't I state a ruling on the record with respect to the motions and then we can talk about the order.  Okay?

JA35wooC                        conference

So, I have received lead plaintiff motions from Donald Fitzherbert, Jason and Jennifer Hayman Trust, and Philip Woolgar. It seems undisputed at this point that Donald Fitzherbert has suffered the largest financial loss in this action being $6,842. I would also note that the Hayman Trust filed a notice of non-opposition to the competing motions for appointment as lead plaintiff and approval of selection of counsel. Additionally, Philip Woolgar has withdrawn his motion.

Having reviewed all the parties' submissions, I am going to appoint Donald Fitzherbert as lead plaintiff. The PSLRA requires the Court to appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be the most capable and adequately representing the interests of class members. 15 U.S.C. Section 78(u)(4)(A)(3)(B).

The PSLRA also creates a rebuttable presumption that the most adequate plaintiff is the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of Federal Rules of Civil Procedure. That's 15 U.S.C. 78(u)(4)(A)(3)(B)(3). The PSLRA does not specify a method for calculating who has the largest financial interests. The Court in this district commonly look to four factors in making this determination: The number of shares purchases, the number of

net shares purchased, the total net funds expended by the plaintiff during the class period, and the appropriate losses suffered by the plaintiff.  Salustro v. Canabest Corporation, 93 F.Supp. 3d at 270.

Here all the parties acknowledge that Mr. Fitzherbert has suffered the largest loss for approximately $6,842.  He shall therefore serve as lead plaintiff.  Mr. Fitzherbert has also made preliminary showing satisfying typicality and adequacy requirements of Rule 23 because his claims are identical to and neither compete nor conflict with the claims of the other class members.  Moreover, there is no evidence of conflict between his interests and those of the other members, the putative class, and Mr. Fitzherbert has a significant financial interest at issue and will vigorously litigate this action to recover his losses.

So, Mr. Fitzherbert seeks the selection of the law firm of Bragar Eagel & Squire (BES) as lead counsel.  The Court has reviewed the firm resume of BES and concludes that it is qualified.  So, BES is appointed lead counsel.

Why don't we now talk about the proposed order.  As I understand it, defendants object to the proposed order.  To the extent that order seeks to include a provision regarding document preservation, why is this provision necessary?

MR. HOLLEMAN:  Your Honor, prior to this Court session beginning we actually had a quick discussion with the

defendants and we acknowledge that I think the paragraph at issue is no. 3, which is on page 3 of 5 of the proposed order we submitted, we are fine abandoning that.  It replicates, in essence, the discovery obligation set forth in the PSLRA.  So, we have no problem with the position that the defendants took in their response.

THE COURT:  All right.  Okay.  That's fine.  Just let me take a look at the order.

MR. HOLLEMAN:  And I have extra copies.

THE COURT:  Do you?  Could you pass it up, please?  Thanks.

So, again, just to confirm, you are okay with my crossing out the entirety of paragraph 3?

MR. HOLLEMAN:  That is correct.

THE COURT:  Okay.  So what would you propose with respect to next steps?  Do you expect to file an amended complaint?

MR. HOLLEMAN:  Yes, your Honor.  We would be filing an amended complaint and we typically ask for around 60 days to do that.

THE COURT:  So why don't we give you 60 days and we will say December 3rd.  Let me make sure that that is a week day -- yes, so we will say December 3rd.

How long do defendants need to respond?

MR. MUSOFF:  Your Honor, if the complaint contains the

JA35wooC                        conference

same theories as to the existing language as we suspect it will, we anticipate moving to dismiss.  We would ask for 45 days to either move or otherwise respond to the complaint.

THE COURT:  So, will the amended complaint contain essentially allegations arguing the same theories or advancing the same theories?

MR. HOLLEMAN:  We anticipate that it will.  I expect that it could be a bit longer and they are going to have much more facts in the complaint than the original when it was filed.

THE COURT:  So it sounds like it is going to be longer.  Do you want to ask for 60 days?  Do you want to keep it at 45?

MR. MUSOFF:  60 days will be fine.  Thank you.

THE COURT:  Why don't we do that.  So, we will say February 3rd for the responsive pleading to the amended complaint.

My understanding is that there are no related class actions, there is no need for consolidation, there are no other actions that are related to this one, correct?

MR. HOLLEMAN:  We are certainly not aware of any.

THE COURT:  Okay.

MR. MUSOFF:  Same, your Honor.

THE COURT:  All right.

Any other issues you want to raise today?  From either

JA35wooC                         conference

side?  No?  All right.  Thank you.  Have a good day.

          MR. HOLLEMAN:  Thank you, your Honor.

          MR. MUSOFF:  Thank you, your Honor.

                           o0o