SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL

212-735-7852

EMAIL ADDRESS

SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

July 2, 2020

**<u>Via ECF</u>**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Woolgar v. Kingstone Companies, Inc.*, No. 1:19-cv-5500-RA

Dear Judge Abrams:

We represent defendants Kingstone Companies, Inc. ("Kingstone"), Barry Goldstein, Dale A. Thatcher, Victor J. Brodsky, and Benjamin Walden (collectively, "Defendants") in the above-referenced action. In advance of the oral argument scheduled for July 7, 2020, we write to respectfully submit a decision recently issued by Judge Lewis J. Liman that further supports Defendants' Motion to Dismiss the Amended Complaint: *Chapman v. Mueller Water Products, Inc.*, No. 19-cv-3260 (LJL), 2020 WL 3100243 (S.D.N.Y. June 11, 2020). As explained below, *Chapman* confirms that Plaintiff fails to allege either an actionable misstatement or a strong inference of scienter in relation to Kingstone's loss reserves.

The plaintiffs in *Chapman* challenged the accuracy of various warranty reserve charges and related statements under Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder. *Id.* at *9-10. Like loss reserves, warranty reserves are "accounting estimates that depend on management's determination or assumptions" and "are 'subjective' opinions and 'not matters of objective fact.'" *Id.* at *10 (citation omitted). Accordingly, like loss reserves, warranty reserves are subject to the stringent standards for evaluating opinion statements articulated in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2013), and *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015). *Chapman*, 2020 WL 3100243, at *10.

Like here, the plaintiffs' brought their claims after the defendants increased their reserve charges based on newly acquired information. *See id.* at *5-6. And like here, the plaintiffs relied "heavily" on confidential witness ("CW") allegations to attempt to support their claims. *Id.* at *11.

On June 11, 2020, Judge Liman dismissed the complaint with prejudice for failure to state a claim. *Id.* *23. Applying *Fait* and *Omnicare*, Judge Liman held that the plaintiffs had failed to sufficiently "allege that Mueller 'was experiencing or internally predicting losses exceeding their

Hon. Ronnie Abrams
July 2, 2020

set reserves,' that Defendants 'knew that the . . . evidence on which they relied' required them to take a larger reserve, or that the Company's officers 'understood that the publicly reported numbers were at odds with [their] internal analyses.'" *Id.* at *10 (citations omitted).

In rejecting the CW allegations, Judge Liman determined, among other things, that (i) the plaintiffs had not "alleged facts demonstrating that persons in the positions [at issue] would be knowledgeable as to whether Mueller would be required to adjust its warranty reserve pursuant to GAAP accounting"; and (ii) the CW allegations did not show that the "individual defendants actually possessed . . . knowledge highlighting the falsity of public statements." *Id.* at *11 (emphasis added). Judge Liman specifically faulted a CW "estimate" relevant to warranty reserves because the plaintiffs had failed to allege facts demonstrating that the "estimate was accurate, based on any internal reports, was known to Defendants, or otherwise contradicted the amount recorded for warranty reserves." *Id.* at *17.

Judge Liman also concluded that the plaintiffs had not sufficiently alleged scienter. *Id.* at *19-23. Although the plaintiffs attempted to do so in part through stock sales, Judge Liman noted that (i) the complaint did not allege the requisite "profits realized" or "percentage of holdings sold or retained"; (ii) nothing about the timing of the sales "suggests that [they] were 'calculated to maximize the personal benefit from undisclosed inside information'"; and (iii) the allegations were undermined by"[t]he fact that [certain] defendants did not sell their shares." *Id.* at *20-22 (citation omitted).

As more fully explained in Defendants' motion, among numerous other defects, the allegations at issue here fail for the same or similar reasons as those described in *Chapman*.

A copy of the decision is attached for the Court's convenience.

Respectfully submitted,

*/s/ Scott D. Musoff*

Scott D. Musoff

cc: All counsel via ECF

Enclosure

2